IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STEPHEN WALKER,

           Plaintiff,

v.                                      CIVIL ACTION NO.  5:09-cv-00723

WEST PUBLISHING CORPORATION,

           Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS IN PART AND ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION**

On August 18, 2011, the assigned Magistrate Judge issued his *Order and Recommendation* (Document No. 149), wherein he denies Plaintiff's Motion to Strike Defendant West Publishing Corporation's Eighth Supplemental Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Motion to Strike") (Document No. 110) and Motion for Sanctions Regarding Affirmative Defense and Supporting Evidence ("Motion for Sanctions") (Document No. 127), and recommends that this Court grant Plaintiff's Motion to Exclude New Expert Opinion ("Motion to Exclude") (Document No. 134)[1]. The above-styled matter is before the Court this day for consideration of the parties' objections thereto.[2] The Court has reviewed Plaintiff's Objections

---

[1] Pursuant to 28 U.S.C. § 636 and the Court's Standing Order entered in this case on June 26, 2009 (Document No. 2), the Court referred Plaintiff's discovery related motions to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for disposition.

[2] On August 16, 2011, Magistrate Judge VanDervort conducted a hearing on Plaintiff's motions. At the conclusion of the hearing, he shared with the parties his preliminary rulings from the bench. The following day the Magistrate Judge held a telephone conference with the parties during which he further discussed his rulings. The parties submitted objections to the oral rulings on August 17 and 18, 2011. On August 18, 2011, Magistrate Judge VanDervort issued his written opinion.

to Magistrate Judge's Recommendation (Document No. 141), Defendant's Response to Plaintiff's Objections to Magistrate Judge's Recommendation and Its Objections to Magistrate Judge's Recommendation as They Are Now Understood (Document No. 145), and Plaintiff's Reply to Defendant's Response to Plaintiff's Objections to Magistrate Judge's Recommendation and Its Objections to Magistrate Judge's Recommendation as They Are Now Understood (Document No. 150).

Upon consideration of the Magistrate Judge's Order and Recommendation, the parties' objections, and the record relative to the parties' submissions with respect to the pending discovery motions, the Court finds that the Plaintiff's objections are sustained in part and overruled in part and that the Defendant's objections are overruled. Additionally, the Court adopts the recommendation of the Magistrate Judge with respect to Plaintiff's Motion to Exclude New Expert Opinion.

I.

On August 12, 2011, this Court issued its Memorandum Opinion and Order denying Defendant's motion for summary judgment wherein the allegations of Plaintiff's Amended Complaint and the factual background of this case were set forth. Therefore, no further recitation is necessary here. Likewise, the Court finds that the Magistrate Judge, in his Order and Recommendation, adequately set forth the parties' central arguments with respect to Plaintiff's motions and the pertinent deadlines set forth in this Court's scheduling orders. Consequently, the Court will not include herein a detailed discussion of those arguments. The Court is mindful that a trial in this matter is scheduled to begin on August 22, 2011, that the Magistrate Judge ordered Defendant to produce "documents and information underlying its calculation of [Plaintiff's] final payment" and that the parties need a determination of their asserted objections to aid in their

preparation for trial. Accordingly, the Court will give a brief statement of its rulings with respect to each motion.

II.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, when a magistrate judge rules on "pretrial matter[s] not dispositive of a party's claim or defense[,]" this Court "must consider [the] timely objections [made by the parties] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). However, the Court is not required to review, under any standard, the factual or legal conclusions of the magistrate judge as to those portions of findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The instant discovery disputes relate to the disclosure of information and witnesses central to whether Plaintiff was paid his wages, in full, upon separation from his employment with Defendant. Rule 26 of the Federal Rules of Civil Procedure imposes specific requirements for the disclosure of discovery, lay witness and expert testimony during the discovery period. Relevant to the instant disputes, Rule 26(a)(1) of the Federal Rules of Civil Procedure provides that:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (I) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may

3

> use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(I)-(ii); *see also* Fed. R. Civ. P. 26(a)(3). With respect to expert testimony, Rule 26(a)(2)(A) also requires the disclosure of "the identity of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" if the witness is retained or specially employed to provide expert testimony in the case or whose duties, as the party's employee, regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(A). A party making such a disclosure is also required "[u]nless otherwise stipulated or ordered by the court" to include with its disclosure a written report containing, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them and any exhibits that will be used to summarize or support them. Fed. R. Civ. P. 26(a)(2)(B)(I)-(iii). Further, parties are also obligated to "timely" supplement its Rule 26(a) disclosures, interrogatory responses and expert witness report. *See* Fed. R. Civ. P. 26(e). If a party fails to do so, Rule 37(c)(1) establishes that certain consequences may follow.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial *unless the failure was substantially justified or is harmless*." Fed.R.Civ.P. 37(c)(1) (emphasis added). The Fourth Circuit Court of Appeals has recently reiterated five factors a district court must examine to discern whether the failure of a party to make its disclosures was "substantially justified . . . harmless." Those factors include:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the

>explanation for the party's failure to name the witness before trial;
>and (5) the importance of the testimony.

*Hoyle v. Freightliner, LLC*, ––– F.3d ––––, –––, No. 09–2024, 2011 WL 1206658, at *4 (4th Cir. Apr. 1, 2011) (quoting *Southern States Rack and Fixture v. Sherwin–Williams Co.*, 318 F.3d 592, 596 (4th Cir.2003) (internal quotation marks omitted)).  The Fourth Circuit has instructed that district courts are "not required . . . to expressly consider each factor when evaluating discovery violations." *See id.*; *Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir.2006).  It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless. *Carr*, 453 F.3d at 601-02 (citing *Southern States*, 318 F.3d at 596.)   Moreover, the Fourth Circuit has provided that "[t]he district court has 'broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless.'" *Id.* at 602 (citing *Southern States*, 318 F.3d at 597.)  The exclusionary sanction of Rule 37(c)(1), "does not require a finding of bad faith or callous disregard of the discovery rules." *Id*.

### III.

*A. Plaintiff's Motion to Strike*

On July 13, 2011, the Defendant disclosed, Jason DeVries, Sales Support Manger, as a rebuttal witness as part of its supplemental discovery responses.  Plaintiff challenges the disclosure on the ground that it is untimely.  The Magistrate Judge denied Plaintiff's Motion to Strike finding that the parties continued to take depositions and submit supplements to written discovery, notwithstanding this Court's scheduling orders deadlines. Neither party objected to this course and it is clear from their actions that there was a mutual understanding that they would work diligently in providing documents and information although they were not in strict compliance with the scheduling order.  The Magistrate Judge found the activity akin to the conduct deemed acceptable

5

in Rule 29 of the Federal Rules of Civil Procedure, whereby parties may agree on discovery procedures, if their agreement does not interfere with the court's schedule. Plaintiff objects to the denial of his motion on the ground that "it is error to find that there was substantial justification for the late identification or that the late identification was harmless" and that the disclosure of the rebuttal witness should have been excluded as a matter of law.

The Court finds that the rules governing discovery were designed to prevent a trial by ambush. The Rules of Civil Procedure require the timely submission of the identification of witnesses which will be called at trial. In this instance, Defendant does not dispute that the identification of its rebuttal witness was made after the close of discovery as established by the Court's Second and Third Scheduling Orders. (*See* First, Second and Third Amended Scheduling Orders (Documents No. 28, 36, 61)) (The First and Second Scheduling Orders required that the parties make any Rule 26(a)(3) disclosures at the conclusion of the settlement meeting on March 28, 2011 "[i]f the action is not settled . . . and if there is no order or stipulation to the contrary.") The Court finds unpersuasive that the identification of Mr. DeVries, was necessitated by Plaintiff's production of supplemental discovery responses on and after the close of discovery, where Defendant neither sought to strike the disclosures or obtain leave of this Court to make the untimely disclosure , the production contains documents created and maintained by Defendant and the subject matter of the material is not wholly related to any new claim or argument by Plaintiff. The Court's ruling here is framed by Defendant's astounding assertion that only after the production of documents in June of 2011 it "became evident to Defendant's counsel that Plaintiff was intending to testify as to his own interpretation of said documents, and not merely producing evidence in support of his wage claim." The Court finds this assertion disingenuous given that Defendant had

notice and knowledge that Plaintiff's claims included his belief that he was owed more money than what Defendant paid him upon his separation from the Company–information Defendant was aware of prior to the close of discovery.[3] The Court need only consider the claims alleged in the Amended Complaint, the parties submissions with respect to dispositive motions and the exhibits attached thereto. For instance, the record in this matter contains Defendant's Responses to Plaintiff's Request for Admissions (Document No. 53), wherein Plaintiff made several requests for admissions regarding the computation and accuracy of his sales totals, year-to-date bonus earnings and regional monthly bonuses, for time periods prior to his termination. Plaintiff's Requests for Admissions also included the following: "Admit Plaintiff's total variable compensation/bonuses earned in 2008 total $115,587.80, but Defendant West paid Plaintiff $42,737.63, leaving Plaintiff owed $72,850.17 in variable compensation bonuses from Defendant West, through the end of his employment with West." Defendant's response was "Deny." (Document No. 53 at 75). Defendant served his response on Plaintiff on December 30, 2010. Therefore, any assertion that more recent production of documents alerted Defendant to Plaintiff's intention to testify to his interpretation of documents is unfounded.

While this Court generally agrees with the Magistrate Judge that parties may agree to diligently engage in the conduct of discovery without strict adherence to the Court's scheduling order, any agreement is limited by the interference with, among other things, completing discovery and the time set for trial. Trial is currently set in this matter for Monday, August 22, 2011. Disclosure of the rebuttal witness after the close of discovery in this instance is not substantially

---

[3] *See also* November 16, 2010 Letter from Plaintiff's counsel to Defendant's Counsel respecting Plaintiff's damages demands. (Document No. 57 at 56).

7

justified. Moreover, the disclosure can not be said to not be harmless to Plaintiff who has not had the opportunity to depose Mr. DeVries prior to trial. Therefore, for these reasons, the Court sets aside the Magistrate Judge's ruling to deny Plaintiff's Motion to Strike, as clearly erroneous, in this instance, sustains Plaintiff's Objections and **ORDERS** that Plaintiff's Motion to Strike be granted.

### B. Plaintiff's Motion For Sanctions

Plaintiff seeks sanctions to preclude Defendant from using any reference at trial to unproduced "actual sales" data, to strike Defendant's Affirmative Defense that Plaintiff's calculations are unreliable as a result of his failure to rely on unproduced data, inform the jury of Defendant's failure to produce this information and instruct the jury regarding the adverse interest that may be drawn from that failure.[4] Magistrate Judge VanDervort ordered Defendant to provide the documentation, but failed to find that any sanction is warranted "as it does not appear that Plaintiff made any specific formal request for the information during discovery and it appears that Plaintiff, having discussed his calculations at his deposition, disclosed information underlying his calculations about two months ago." (Order and Recommendation at 5.)

The Court finds that the documentation disclosed is essential to this case, for both parties, as there is a need to address whether there is a discrepancy in the amount of money Plaintiff was owed and the amount he was paid. Given the allegations of the complaint, this burden on this issue will initially belong to the Plaintiff. The Court has reviewed the parties' objections and finds that

---

[4] In his Reply to Defendant's Response to Plaintiff's Objections to Magistrate Judge's Recommendation and Its Objections to Magistrate Judge's Recommendation as They Are Now Understood (Document No. 150), Plaintiff asserts that Defendant's admission that it did not disclose the underlying data calculations of Plaintiff's field sales representatives during discovery is an admission of a violation of the WPCA. Plaintiff contends that judgment as a matter of law as to his WPCA claim, is this instance, is now proper. The Court declines to consider Plaintiff's assertion on Reply at this time. Plaintiff will be afforded an opportunity at the close of its case-in-chief and the trial to make any such arguments and the court will consider it then.

8

the Magistrate's ruling to order the disclosure of the documents is proper based on Plaintiff's first set of Discovery requests in which Plaintiff requested "[A]ny and all records of wages and fringe benefits earned by Plaintiff while employed by Defendant" and "any information on computer diskettes, computer hard drives . . . which relates in any way to Plaintiff's employment with Defendant, the subject matter of and allegations contained in Plaintiff's Complaint or the allegations contained in Defendant's Answer and affirmative defenses." (Pl's Mot. for Sanctions, Ex. 1.) It is long established that discovery requests can include a request for relevant information or information that is likely to lead to relevant information. The subject of the documents at issue here should have previously been disclosed by Defendant. Defendant is directed to disclose the documents to Plaintiff, **no later than 12:00 p.m. Monday, August 22, 2011.** Although Plaintiff has advised the Court that use of the "actual sales data," may be unnecessary, Plaintiff will be provided the opportunity to review the materials and determine its use during trial. The Court finds that this will serve to cure any harm that may have been caused to Plaintiff. The Court declines to alter the Magistrate Judge's ruling with respect to Plaintiff's Sanctions. The Court finds unpersuasive Plaintiff's assertion that any adverse jury instructions are warranted where Plaintiff has advised the Court that the disclosure may not be needed for his case.

### C. Plaintiff's Motion to Exclude

Plaintiff moves to exclude the newly disclosed opinion of defendant's expert, Roger Griffith regarding his intention to opine on the accuracy of Plaintiff's calculations of the bonuses and commissions allegedly due to Plaintiff under his Wage Payment and Collection Act ("WPCA") claim. Magistrate Judge VanDervort recommends that this Court grant Plaintiff's Motion to Exclude and prohibit Defendant's expert from testifying with respect to Plaintiff's calculations of

9

his bonuses and commission and Plaintiff's WPCA claim since the expert has not opined in writing or deposition with respect to these matters. In Defendant's objection he asserts that "Plaintiff had the opportunity at Mr. Griffith's deposition to ask any and all questions regarding any and all opinions that he may have regarding any of Plaintiff's damages claims[]" and that "Plaintiff's counsel was free to explore, in as much or little detail as he deemed appropriate, what those opinions were and what the basis of those opinions were." (Document No. 145 at 4.) Defendant seemingly relies on his contention that "Mr. Griffith's testimony is not inconsistent with Defendant's expert disclosure [that Mr. Griffith would offer opinions relating to Plaintiff's economic damages, if any] or Mr. Griffith's report." (Document No. 137 at 2). Defendant fails to acknowledge that its own expert testified during the August 13, 2011 deposition that his report did not include a discussion on Plaintiff's WPCA claim. A portion of the transcript, cited to by both parties, includes the following inquiry:

> Q (counsel): In the complaint, I'll represent to you . . . Mr. Walker has two causes of action, one being for a wrongful discharge that you are opining about certainly, the other claim is a statutory claim under the West Virginia wage, Hour and Wage Act, however that's interpreted. Have you been asked to provide any opinion with regard to Mr. Walker's second claim . . . ."
>
> A (Mr. Griffith): I have been asked to review all the data and opine as to what my opinion is relative to did West owe Mr. Walker anything, that they did not pay him timely or did not pay hm in accordance with the contract that he signed with West Publishing.
>
> Q: Is that anywhere in your report?
>
> A. No, sir.
>
> Q: When were you requested to –when were you requested to form an opinion as to the [WPCA] claim?

> A. Well, I was just asked to form an opinion as to whether they owed him anything. If whether what he is presenting in the exhibits that he provided and that you provided if they hold water, so to speak.
>
> Q: And what have you reviewed in order to form an opinion as to the [WPCA] claim?
>
> A. Well, again I'm not testifying as to the legal ramifications of it. What I'm testifying to is the economics. In my opinion, I was asked to form an opinion relative did they pay him what he was due.
>
> Q: Okay
>
> A: And to review and evaluate what he provided wherein he stated that they owed him money to look at the credibility of that.

(Pl.'s Mot. to Exclude, Ex. 3). While Defendant asserts that part of Mr. Griffith's opinion includes whether it paid Plaintiff what he alleges was due to him, Defendant, in his opposition to Plaintiff's motion, asserted that its expert's damages calculation did not include the amount Plaintiff claims he is owed for bonuses, $72,850.00, because it has contested that claim. Plaintiff maintains that the "'absence of an opinion' is not an opinion, nor does remaining completely silent on an issue in one's expert report comply with the notice requirements provided for in the rules." (Document No. 150 at 6).

The Court agrees here with Plaintiff and finds unpersuasive Defendant's assertion that Mr. Griffith's opinion with respect to the WPCA is not "new" since its own expert acknowledged that it was not included in his report. Moreover, the Court finds Defendant's contention that Plaintiff is not harmed by the late disclosure of the opinion merely because Plaintiff had the opportunity to inquire of the same at the deposition is unavailing. The deposition to which Defendant refers occurred on August 12, 2011, nine days before trial. It should be obvious to these experienced litigators that Plaintiff would not have had notice of this opinion since it was not in the expert's

report. The lack of notice of the opinion would have hampered Plaintiff's ability to adequately prepare for or examine Mr. Griffith at the deposition. The Court understands the importance of the testimony at issue to both parties, but finds, in its discretion, that disclosure of all opinions not timely made should be excluded. Defendant has not proffered a sufficient explanation to support a finding that the disclosure of the WPCA opinion, at this juncture, on the eve of trial, would not be harmful to Plaintiff. Therefore, Defendant's objection is **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's recommendation to **GRANT** Plaintiff's Motion to Exclude, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

IV.

For the reasons set forth herein, the Court does hereby **ORDER** that Plaintiff's Objections to the denial of his Motion to Strike is **SUSTAINED.** Defendant is prohibited from offering the testimony of Mr. DeVries. However, Plaintiff's objections to the ruling with respect to his Motion for Sanctions is **OVERRULED**. Defendant's objection to the Magistrate Judge's order of the production of documents is **OVERRULED**. Accordingly, the Court does hereby **ORDER** that the Magistrate Judge's recommendation of granting Plaintiff's Motion to Exclude be **ADOPTED**, for the reasons offered by the Magistrate Judge. Further, the Court does hereby **ORDER** that Plaintiff's *Motion to Exclude New Expert Opinion* (Document No. 134) be **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: August 19, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA