## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

STEPHEN WALKER,

               Plaintiff,

v.                                             CIVIL ACTION NO.  5:09-cv-00723

WEST PUBLISHING CORPORATION,

               Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed *Plaintiff's Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial* (Document 173) and *Defendant's Bill of Costs* (Document 175).  Upon consideration of the parties' motions, responses in opposition and reply thereto, the Court, for the reasons that follow, finds that Plaintiff's motions and Defendant's motion should be denied.

*I.*

Plaintiff, Stephen Walker, initiated this action against his former employer, West Publishing Corporation, doing business as Thomson West ("West"), alleging two causes of action: (1) that he was unlawfully discharged in retaliation for opposing and reporting the practice of "churning" and (2) that Defendant failed to pay his wages in full, within seventy-two (72) hours subsequent to the end of his employment, in violation of West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1, et seq.  Following a six-day trial, a jury returned a verdict that: West

Publishing Corporation did not, by a preponderance of the evidence, unlawfully discharge Plaintiff and did not violate the WPCA (Jury Verdict Form (Document 167)).[1]  These motions followed.[2]

*II.*

Plaintiff moves pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law. Plaintiff argues that a judgment in his favor is warranted with respect to two provisions of the WPCA.  First, Plaintiff argues that Defendant has admitted to violating West Virginia Code Section 21-5-9(3) by failing to provide Plaintiff with the December, 2008 sales figures for his sales representatives.  Plaintiff asserts that this information was withheld from him before and during this litigation, was the subject of an order directing Defendant to produce the same, and was essential to his calculation of his wages.  Second, Plaintiff argues that he presented substantial evidence establishing that he was not paid his full wages and benefits within 72 hours of his termination, as required by Section 21-5-4(b) of the WPCA, and that Defendant provided no credible evidence to contradict his evidence.  Alternatively, Plaintiff moves, pursuant to Rules 50(b)(2) and 59(a) of the Federal Rules of Civil Procedure, for a new trial with regard to the WPCA "claims," if this Court is inclined not to grant his Rule 50(b) motion.

A party challenging the sufficiency of the evidence in a civil jury trial must comply with Rule 50 of the Federal Rules of Civil Procedure.  This Rule provides two distinct stages for such a challenge.  First, Rule 50(a) permits a party to challenge the sufficiency of the evidence before a

---

[1]  At the close of all the evidence, Plaintiff moved for judgment as a matter of law.  The Court denied the motion and this case proceeded to the jury for consideration of the alleged causes of action.

[2]  This Court has previously stated the facts involved in this dispute (*see* Memorandum Opinion and Order denying in part Defendant's Motion for Summary Judgment (Document 131), no further recitation is required as the parties in this case are fully aware of the relevant facts and procedural history.

case is submitted to the jury.[3]  Rule 50(b) allows for the second challenge after the jury verdict and

entry of judgment.  Rule 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed.R.Civ.P. 50(b).  The Fourth Circuit Court of Appeals instructs that "[t]he rule tests the legal

sufficiency of a claim, that is, assesses whether the claim should succeed or fail because the

evidence developed at trial was insufficient as a matter of law to sustain the claim."  *Belk, Inc. v.*

*Meyer Corp., U.S.*,  679 F.3d 146, 154 -55 (4th Cir. 2012).  A court, reviewing the renewed motion

for judgment as a matter of law, considers the "evidence in the light most favorable to the prevailing

---

[3]  Rule 50(a) provides:

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed.R.Civ.P. 50(a).

party" and a jury verdict will be upheld "unless . . . the jury lacked 'a legally sufficient evidentiary basis' to find in that party's favor." *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 392 (4th Cir. 2010) (quoting *King v. McMillan*, 594 F.3d 301, 312 (4th Cir. 2010). Further, a court may "assume that testimony in favor of the non-moving party is credible, 'unless totally incredible on its face,' and ignore the substantive weight of any evidence supporting the moving party." *Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir.1998) (quoting *Duke v. Uniroyal, Inc*., 928 F.2d 1413, 1419 (4th Cir.1991)). A court is obliged to uphold a jury verdict, "[i]f reasonable minds could differ about the verdict[.]" *ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 472 F.3d 99, 113 (4th Cir.2006).

Rule 59(a) of the Federal Rules of Civil Procedure provides, in relevant part: "The court may, on motion, grant a new trial on all or some of the issues — and to any party — . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed.R.Civ.P. 59(a)(1)(A). "A new trial will only be granted in three circumstances: (1) if the verdict is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *Campbell v. BP Amoco Polymers, Inc.* 75 F.App'x. 907, 910 (4th Cir. 2003) (citing *Cline v. Wal-Mart Stores, Inc*., 144 F.3d 294, 301 (4th Cir. 1998); *Laubach v. Khajawai*, 64 F.3d 657, No. 94-2421, 1995 WL 508879, *3 (4th Cir. Aug. 29, 1995). A district court's determination of a motion for new trial is discretionary, and a court is "permitted to weigh the evidence and consider the credibility of witnesses." *Cline*, 144 F.3d at 301 (citing *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir.1989)).

The Court will first consider Plaintiff's request for judgment as a matter of law for Defendant's alleged violation of Section 21-5-9(3) of the WPCA. West Virginia Code, Section 21-

5-9, governs the notification, posting and records requirements for employees.  Relevant to the dispute here, Section 21-5-9 provides that: "Every person, firm and corporation shall [m]ake available to his employees in writing or through a posted notice maintained in a place accessible to his employees, employment practices and polices with regard to vacation pay, sick leave and comparable matters."  W. Va. Code. § 21-5-9(3).  As an initial matter, the Court finds that Plaintiff neither pled a violation of this provision in his complaint, nor, amended complaint.  The Court is not persuaded by Plaintiff's assertion that a cause of action was appropriately stated by the "et seq." abbreviation referenced in his pleadings following his allegation that Defendant failed to pay him his full wages and benefits within seventy-two hours in violation of Section 21-5-4.  Further, Plaintiff did not and has not moved to amend his pleadings to conform to the presentation of evidence of such a claim – an argument raised by Defendant in his opposition to Plaintiff's motion that went unanswered in Plaintiff's reply.  Moreover, the jury was never squarely asked to consider such a claim.  *See* Jury Verdict Form (Document 167); The Court's Charge and Instructions (Document 169).  The Court observes that Plaintiff, on August 19, 2011, prior to trial, proposed a jury instruction concerning such a claim. (*See* Document 152).  However, the instruction was not included in the jury charge and Plaintiff did not assert an objection to its refusal on August 29, 2011, during the Court's discussion of the charge with counsel.   Finally, the Court does not dispute that Defendant was ordered, during consideration of the parties' discovery disputes, to disclose documents responsive to Plaintiff's first set of discovery requests regarding any and all records of wages and fringe benefits earned by Plaintiff while he was employed by Defendant. *See* Memorandum Opinion and Order Overruling Objections in Part and Adopting the Magistrate Judge's Recommendation (Document 153) at 8-9.  However, the Court finds that this discovery

5

ruling does not serve as a basis for a finding, as a matter of law, that Defendant violated Section 21-5-9. Therefore, Plaintiff's motion for judgment as a matter of law with respect to Section 21-5-9(3) is denied.

Next, considering Plaintiff's claim that he was not paid his full wages and benefits within 72 hours of his "termination," the Court finds no reason to disturb the jury's verdict in this regard. The WPCA is "remedial legislation designed to protect working people and assist them in collection of compensation wrongly withheld." *Meadows v. Wal-Mart Stores, Inc.*, 530 S.E.2d 676, 688 (W. Va. 1999) (quoting *Mullins v. Venable*, 297 S.E.2d 866 (W. Va. 1982)). In relevant part to this case, "[w]henever a . . . corporation discharges an employee, such . . . corporation shall pay the employee's wages in full within seventy-two hours." W. Va. Code § 21-5-4(b). However, "when an employee for any reason whatsoever is laid off, the . . . corporation shall pay in full to such employee not later than the next regular payday . . . wages earned at the time of suspension or layoff." W. Va. Code § 21-5-4(d). If a corporation fails to adhere to these requirements, the corporation "shall, in addition to the amount which was unpaid when due, be liable to the employee for three times that unpaid amount as liquidated damages." W. Va. Code § 21-5-4(e).

To argue that Plaintiff was due to be paid his wages and benefits within seventy-two hours, as Plaintiff does here, Plaintiff would require the Court to make a finding that he was terminated. The Court will not thwart a jury's rejection of Plaintiff's theory that he was unlawfully discharged or terminated. The credible testimony of the non-moving party, in this case the Defendant, created a sufficient evidentiary basis upon which the jury could return a verdict against the Plaintiff. The Court finds that sufficient evidence was presented to the jury with respect to whether Plaintiff was terminated for some unlawful purpose or laid off as a result of a redistricting plan, when and how

6

he was compensated,  and the amount of compensation, if any, he was due as a bonus.  Further, the parties sufficiently proffered evidence about the manner in which Plaintiff's wages and benefits were calculated; the timing of the determination of his bonuses, if any, and the lack of complaints made by other members of Plaintiff's line of management (*i.e.*, his sales representatives and his supervisor, Maria Redmond) regarding their compensation and bonus.  The jury received evidence that Plaintiff's compensation was dependent on the sales made by his sales representatives and that his supervisor's compensation was determined, in part, by his compensation. This evidence was appropriate for the jury's consideration of Plaintiff's claim that he was not paid in full.  From the evidence presented at trial, the jury could have reasonably concluded that Plaintiff was laid off as a result of a reorganization of Defendant's sales force.  Such a conclusion by the jury would avoid the statutory seventy-two hour deadline and could support finding that his wages and benefits were not available for calculation within the time set forth by the statute and that he was paid in full for his wages and benefits after his separation from Defendant's employ.  Consequently, the Court finds that judgment as a matter of law on the WPCA claim actually pled by Plaintiff is unwarranted.

Likewise, the Court finds that an award of a new trial as to the Section 21-5-4 WPCA claim is not appropriate because the verdict does not appear to be against the weight of the evidence. The Court finds that this case largely hinged on the credibility of the parties, both with respect to the reason for Plaintiff's separation from his employment and the calculation of his wages and benefits, given Plaintiff's challenge that his sales figures were inaccurate.  The Court has wholly considered the evidence in this case and the credibility of witnesses and finds that no miscarriage of justice will be permitted in allowing the jury's verdict to stand. This is so where the evidence in this case has included the testimony that Plaintiff was not the only manager displaced in the redistricting,

Defendant, through its human resources staff, attempted to assist Plaintiff in finding further employment inside the company, and no one within Plaintiff's line of supervision (neither his sales representatives nor his manager) contended that their compensation was far afield of what they were paid in the same vein as Plaintiff.  Given these considerations and the full weight of the evidence in this case, the jury was sufficiently informed to reject Plaintiff's theory of the case.  The jury, also, in assessing the evidence before it,  was permitted to assess the credibility of each witness, including their attitude, demeanor, the basis of their beliefs regarding their perception of communications with Plaintiff and with respect to the calculation of wages.  Therefore, the Court finds no basis upon which to grant a new trial.

*III.*

As a result of the jury's verdict, Defendant filed a Bill of Costs requesting $47,177.47 pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  Plaintiff opposes the request challenging, among other things, the reasonableness of the costs and the nature of the charges. Plaintiff asserts that the Court should deny awarding Defendant costs in a case that was close, difficult and highly contested.  Plaintiff asserts that he is not in the financial position to pay the costs sought by Defendant, and that at a minimum, the costs should be limited to those properly claimed under 28 U.S.C. § 1920.  Defendant did not file a reply in support of its motion.

Federal Rule of Civil Procedure 54(d) affords courts the discretion to award costs to prevailing parties. That Rule provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed.R.Civ.P. 54(d)(1). The United States Supreme Court has held that Rule 54(d) does not give a district court the "discretion to tax whatever costs may seem appropriate"; instead, the term

8

"costs" in Rule 54(d) is defined by the list set forth in 28 U.S.C. § 1920.[4] *Taniguchi v. Kan Pacific Saipan, Ltd.*, — U.S. — , 132 S.Ct. 1997, 2001 (2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987); *see also Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006). In this finding, the Supreme Court "rejected the view that 'the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in [Section] 1920.'" *Id.* (citing *Crawford*, 482 U.S. at 441). In its instruction to keep a narrow scope on taxable costs, the Supreme Court has stated that, "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." *Id. at* 2006 (citation omitted). Therefore, it should be no surprise that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Id.* (citation omitted).

The Fourth Circuit Court of Appeals has stated that "Rule 54 gives rise to a presumption in favor of an award of costs to the prevailing party." *Williams v. Metropolitan Life Ins. Co.*, 609 F.3d

---

[4] Section 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. §1920.

622, 636 (4th Cir. 2010) (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir.1994)).  However, a district court may find that "aberration from this general rule is appropriate."  *Teague*, 35 F.3d at 996.  In such a case, a district court "must justify its decision [to deny costs] by 'articulating some good reason for doing so.' " *Id*. (quoting *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir.1990)). The Fourth Circuit has found that "among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided.  *Ellis v. Grant Thornton LLP*,  434 F.App'x. 232, 235, (4th Cir. 2011) (quoting *Cherry v. Champion Intern. Corp*.,186 F.3d 442, 446 (4th Cir. 1999) (internal quotation marks omitted). Furthermore, "although the unsuccessful party's good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Cherry*,  186 F.3d at 446 (citing *Teague*, 35 F.3d at 996) (internal quotation marks omitted).

There is no dispute that Defendant is the prevailing party in this case.  Additionally, Defendant does not challenge Plaintiff's good faith basis in pursuing this action.  However, the Court finds that an award of its costs is not warranted here, in a case that presented close and difficult issues to be decided.  In this case, Plaintiff alleged that he was retaliated against for reporting or disclosing an instance of churning in Defendant's sales force.  Plaintiff contended that he thought the action was fraud on the company and that the practice of churning could have implications on the company and its shareholders.  Additionally, he asserted that the whistle-blowing protection afforded by the Sarbanes-Oxley Act aptly demonstrated a significant public

policy prohibiting employers from retaliating against employees when they provide information about potentially wrongful conduct. The determinative issues required a conclusion whether an employee's reporting of suspected fraudulent conduct is a "substantial pubic policy" exception to the at-will employment doctrine, providing the basis for a wrongful discharge action, and whether Defendant did, in fact, unlawfully discharge the Plaintiff. The issue presented on Defendant's motion for summary judgment was, indeed, a close question to determine whether West Virginia law would preclude claims of retaliation for whistle-blowing as a violation of substantial public policy. Moreover, once the issue proceeded before the jury, the trier of fact had a close issue to consider regarding Plaintiff's separation from his employment. The jury was afforded sufficient evidence to consider, including, but not limited to, evidence that Plaintiff's position was eliminated in a company redistricting plan, that at least two other managers were also affected by the redistricting, that Plaintiff reported the instance of churning, and that he sought, but did not obtain, several positions with the company following the elimination of his position. The jury also had to weigh testimony about the Defendant's practice of redistricting, the parties involved in such decision making, and its method of determining which manager is promoted over another based on geographic locations. With respect to his claim of a WPCA violation, the factual dispute centered upon a jury's consideration that Plaintiff was terminated versus laid off, whether his wages and benefits were inaccurately calculated and the manner in which his compensation was determined upon his separation from West Publishing. This Court finds that the allegations in this case set a prominent stage for a jury to assess, weigh and consider the full testimony of the parties and their witnesses. The pendulum of the case largely swung on the jury's assessment of the credibility of the proffered testimony and evidence. As stated above, the jury was aptly positioned to consider

party / witness demeanor, attitude and believability.  In such a credibility intensive case, the Court finds that the issues presented in this case were just too close and difficult to warrant the imposition of costs to the prevailing party.  Moreover, the Court finds many of the costs listed in the Defendant's Bill of Costs are not "costs" under Rule 54(d) as defined by 28 U.S.C. §1920. Therefore, for the reasons set forth herein, the Court finds that an award of the costs requested by Defendant -- and as limited by the definition of that term in Section 1920 -- should be denied.

<em>IV.</em>

For the reasons set forth herein, the Court does hereby **ORDER** that *Plaintiff's Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial* (Document 173) be **DENIED**.  Additionally, the Court **ORDERS** that *Defendant's Bill of Costs* (Document  175) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   September 7, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA